IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYRON ALMENDARES and <br> JOSE LUIS GARCIA, on behalf of themselves <br> and other persons similarly situated, <br> <br> *Plaintiffs*, <br> v. <br> <br> WOOLERY PAINTING, LLC, <br> ADAM WOOLERY PAINTING, LLC <br> and ADAM WOOLERY, <br> <br> *Defendants*. | CIVIL ACTION NO. <br> <br> JUDGE <br> <br> MAG. JUDGE |

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

Plaintiffs Bayron Almendares and Jose Luis Garcia, through their attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, file this Collective Action Complaint against Defendants Woolery Painting, LLC, Adam Woolery Painting, LLC, and Adam Woolery.

### NATURE OF THE ACTION

1. This is an action by Bayron Almendares and Jose Luis Garcia ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiffs were employed as manual laborers by Defendants Woolery Painting, LLC, Adam Woolery Painting, LLC, and Adam Woolery ("Defendants"). While working for the Defendants, Plaintiffs were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiffs seek to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated

employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiffs also bring this action to obtain declaratory and injunctive relief. *Id.*

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Bayron Almendares

5. Plaintiff Bayron Almendares ("Plaintiff Almendares") is a resident of Louisiana.

6. From approximately April 2013 to February 2018, Plaintiff Almendares was employed by Defendants at various jobsites in and around the Greater New Orleans Area.

7. Plaintiff Almendares was hired to work as a painter. In connection therewith, Plaintiff Almendares performed manual labor and other duties related to painting, installing, and finishing sheetrock.

8. Plaintiff Almendares was paid $15.00 per hour. For every hour that he worked in excess of forty in a work week, he was still only paid $15.00 per hour.

9. At all relevant times, Plaintiff Almendares and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Plaintiff Jose Luis Garcia

10. Plaintiff Jose Luis Garcia ("Plaintiff Garcia") is a resident of Louisiana.

11. From approximately June 2014 to February 2018, Plaintiff Garcia was employed by Defendants at various jobsites in and around the Greater New Orleans Area.

12. Plaintiff Garcia was hired to work as a painter. In connection therewith, Plaintiff Garcia performed manual labor and other duties related to painting.

13. Plaintiff Garcia was paid $15.00 per hour. For every hour that he worked in excess of forty in a work week, he was still only paid $15.00 per hour.

14. At all relevant times, Plaintiff Garcia and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendants Woolery Painting, LLC and Adam Woolery Painting, LLC

15. Defendants Woolery Painting, LLC and Adam Woolery Painting, LLC are limited liability companies organized under the laws of Louisiana with their principal places of business in Harahan, Louisiana. They are both owned and operated by Defendant Adam Woolery, are based out of the same address, and both specialize in providing painting and drywall services for residential and commercial projects.

16. Defendants Woolery Painting, LLC and Adam Woolery Painting, LLC are collectively a "single business enterprise" and are hereinafter in this complaint referred to as "Woolery Painting."

17. Woolery Painting hired Plaintiffs to work as painters at the rate of $15.00 per hour.

18. Woolery Painting maintains employment files for the Plaintiffs.

19. Woolery Painting paid Plaintiffs by check and cash. The paychecks that the Plaintiffs received for the employment at issue herein bore the name "Woolery Painting, LLC" or "Adam Woolery Painting, LLC."

20. Woolery Painting determined Plaintiffs' work schedule for the employment at issue herein.

21. Woolery Painting is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

22. Woolery Painting is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

23. Upon information and belief, Woolery Painting has an annual dollar volume of sales or business done of at least $500,000.

### Defendant Adam Woolery

24. Defendant Adam Woolery is the owner of Defendants Woolery Painting, LLC and Adam Woolery Painting, LLC.

25. At all pertinent times herein Defendant Adam Woolery had the authority to hire and fire Woolery Painting employees, including the Plaintiffs herein.

26. At all pertinent times herein Defendant Adam Woolery maintained executive authority over the jobs Woolery Painting employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

27. Defendants employ manual laborers to paint, frame, sheetrock, and perform other related duties at their residential and commercial jobsites. Defendants employ at least thirty laborers who perform labor at various jobsites operating simultaneously.

28. Defendants' employees regularly handle goods that are moving or have moved in interstate commerce and/or perform duties which are closely related and directly essential to such interstate activities.

29. Defendants paid Plaintiffs by check and cash. The checks that Plaintiffs received bore the name "Woolery Painting, LLC" or "Adam Woolery Painting, LLC." Defendants would pay Plaintiffs by check for the first forty hours in a work week and with cash for any hours worked in excess of forty in a work week.

30. Plaintiffs normally worked more than forty hours a week for the Defendants. At least twice a month, Plaintiffs worked approximately forty-eight hours per week. Defendants often required Plaintiffs to work six days per week.

31. Defendants never paid Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

32. Defendants willfully violated Plaintiffs' rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## **COLLECTIVE ACTION ALLEGATIONS**

33. Defendants paid the named Plaintiffs and other similarly-situated employees at an hourly rate for work performed.

34. Defendants treated the named Plaintiffs and other similarly-situated employees as exempt from the FLSA's overtime requirements.

35. When the named Plaintiffs and other similarly-situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

36. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

37. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants as manual laborers during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive overtime pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

38. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiffs and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March 2015 and continuing until the present.

39. As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

March 12, 2018

*Respectfully submitted,*

*/s/ Emily A. Westermeier*
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*

*Attorneys for Plaintiffs*