```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**BAYRON ALMENDARES AND**                          **CIVIL ACTION**
**JOSE LUIS GARCIA, ET. AL.**

**VERSUS**                                          **NO. 18-2559**

**WOOLERY PAINTING, LLC, ET. AL.**                 **SECTION "B"(3)**

## ORDER

Now comes Plaintiffs, Bayron Almendares and Jose Luis Garcia, on behalf of themselves and those similarly situated ("Plaintiffs"), and Defendants, Woolery Painting, lLC, Adam Woolery Painting, LLC, and Adam Woolery ("Defendants"), the Parties have entered an "Agreed Stipulation Regarding Conditional Certification and Notice to Potential Class Members" (Rec. Doc. 10). For the reasons provided below,

**IT IS ORDERED** the Parties Agreed Stipulation (Rec. Doc. 10) and Notices in English and Spanish (Rec. Docs. 10-1 and 10-2) are **GRANTED**.

Section 16(b) of the FLSA prescribes damages and defines the right of action for employees against their employers for violations of the overtime and minimum wage provisions of the Act. 29 U.S.C. § 216(b). Relevant for present purposes, that section includes a collective action provision under which a person may maintain an action: "on behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any

such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Certification of a FLSA collective action typically proceeds under a two-step process, sometimes referred to as the "*Lusardi* approach." *See, e.g., Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

> At the first stage, referred to as the "notice stage" or "conditional certification" stage, the trial court makes the determination whether notice of the action should be given to potential opt-in plaintiffs and whether the case should initially proceed as a collective action. If conditional certification is granted, the action then proceeds as a representative action throughout discovery.
> At the second stage, the court makes the determination of whether the case should continue to be certified as a collective action for trial. The second-stage determination is usually based on the employer's motion filed at or near the end of discovery requesting that the court decertify the case as a collective action.

Kearns, *supra*, at §19-17, 19-18; *see also*, *Green, supra*, at *5. The fundamental inquiry at both stages is whether the named plaintiffs and members of the potential FLSA collective class are "similarly situated" for purposes of Section 16(b). *Id.*

At the notice stage, district courts typically apply a "fairly lenient standard." *Mooney*, 54 F.3d at 1214. This requires

plaintiffs to make "a modest factual showing that the putative class members were together the victims of a single decision, policy, practice, or plan that violated the law." Kearns, *supra*, at §§ 19-20, 19-21 (citing, *inter alia*, *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003)). The Court decides, "usually based only on the pleadings and any affidavits which have been submitted," whether notice of the action should be given to potential class members. *Green*, *supra*, at *5 (citing *Mooney*, 54 F.3d at 1213).

In determining whether to grant conditional certification at the notice stage, courts must be conscious of their duty to "refrain from stirring up unwarranted litigation." *Xavier*, 585 F. Supp. 2d at 878 (citing *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 668-69 (N.D. Tex. 2007)). Employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendants' expense. *Xavier*, 585 F. Supp. 2d at 878. Nevertheless, "a collective action can be an effective mechanism for resolving common issues in one consolidated action." *Green*, *supra*, at *6 (citing *Hoffman-La Roche*, 493 U.S. 165, 170 (1989)). Accordingly, courts must "strive to balance the efficiency of aggregating claims in one action against the expense and inconvenience of frivolous litigation." *Id.* (citing *Sims v.*

*Housing Auth. City of El Paso*, No. 10-109, 2010 WL 2900429, *2 (W.D Tex. Jul. 19, 2010)).

This Court also recognizes that "requiring individualized adjudication of each claim would undermine the broad remedial purposes of the FLSA, which affords plaintiffs 'the advantage of lower individual costs to vindicate rights by pooling their resources' thereby benefitting the 'judicial system . . . by efficient resolution in one proceeding of common issues of law and fact." *West v. Lowes Home Centers, Inc.*, No. 09-1310, 2010 WL 5582941 at *3 (W.D. La. Dec. 16, 2010) *report and recommendation adopted*, 2011 WL 126908 (W.D. La. Jan. 14, 2011)(quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Further, the Parties have stipulated to conditional certification and notice. **According to said stipulation (Rec. Doc. 10), the Parties have agreed to the following:**

    **1.** Conditional certification of the Putative Class of "All Painters who worked or are working for Adam Woolery Painting, LLC from March 12, 2015 to the present, and who were not paid an overtime premium (half-time) for any hours worked over forty in a workweek";

    **2.** Defendants will provide the names and current/last known mailing addresses ("Class List") for the Putative Class Members no later than fifteen (15) days following the Court's granting of the Order for Conditional Certification. Defendants shall provide such information in a computer-readable format, such as in a Microsoft Excel Spreadsheet;

3. Plaintiffs' counsel will have fifteen (15) days from receipt of the Class List to distribute the Notice and Consent forms to the Putative Class Members. A copy of the Agreed Notice and Consent Form is attached hereto as Exhibit "A";

4. Plaintiffs' counsel will mail the agreed Notice and Consent Form to all persons on the Class List. The mailing shall also include a self-addressed and stamped return envelope. This shall be the sole form of notice;

5. The Putative Class Members will have seventy-five (75) days from the initial mailing of the Notice and Consent form to file the Consent form with this Court to opt-in to the above captioned lawsuit (the "opt-in period"). In the event an Opt-in Plaintiff later withdraws his or her consent, Plaintiffs' counsel agrees to immediately file the withdrawal notice with the Court. Individuals who file their Consents after the deadline may join this case only by consent of all parties or by court order upon good cause shown;

6. Plaintiffs' Counsel will provide Defendants' Counsel with copies of the signed consent forms on a regular, rolling basis as they are received, and Plaintiff's counsel shall file signed consent forms with the Court with fourteen (14) days of receipt;

7. Plaintiffs' counsel must maintain the physical addresses as confidential records and shall not share the information with any third-party. At the conclusion of the opt-in period, Plaintiffs' counsel must destroy/delete all copies of the information pertaining to any Putative Class Member who did not timely file a Consent form;

8. Nothing in this Stipulation or in the Notice and Consent Form shall be interpreted as limiting, waiving, or modifying any of the Parties' claims and/or defenses. This

Stipulation is not an admission as to any underlying substantive issue in this controversy. Defendants also deny that the Plaintiffs and the putative class members are "similarly situated" under 29 U.S.C. § 216(b).

Upon review, the Court finds the above terms reasonable and approves of conditional certification and the attached notices in the record. *See* Rec. Docs. 10-1 and 10-2.

New Orleans, Louisiana, this 24th day of July, 2018.

SENIOR UNITED STATES DISTRICT JUDGE